**CITY OF HARRODSBURG, Appellant,**

v.

**Monnie Goddard McCORD et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 3, 1961.

Errol W. Draffen (Deceased), City Atty., Harrodsburg, W. Earl Dean, Eulyn L. Dean, Harrodsburg, for appellant.

W. H. Phillips, Harrodsburg, for appellees.

WADDILL, Commissioner.

Appellant instituted this declaratory action to determine whether it has the right to sell Magoffin Park, a three and one-half acre area located in the city of Harrodsburg. This land was designated as a park and was dedicated in writing to public use on a subdivision plat filed in 1908 by Kate and R. E. Goddard. Appellees are heirs of the Goddards.

Insofar as is pertinent to a proper disposition of the case, the complaint alleged that: (1) Between 1908 and 1956 appellant kept the weeds cut but made no further effort to develop this land as a public park; and, (2) in 1956 the city council passed a resolution authorizing sale of this land.

In a judgment entered upon the pleadings and exhibits, the trial court held that, by the city council's resolution of sale which recited that the park was neither adaptable nor necessary as a park, the city abandoned the purpose for which the easement was granted and as a consequence the right of possession reverted to the heirs of the dedicators who now have the fee simple title to this land.

The question of whether an abandonment could legally cause a reverter to the dedicator is not raised on this appeal and therefore we are not concerned with the correctness of the judgment in that respect. The only contention made is that the city acquired title to the property by adverse possession. The mere allegation that the city had cut weeds on the property is wholly insufficient to raise the issue of adverse possession.

Since appellant has not established title to the property, KRS 65.010 and 82.060, which authorize the city to sell real estate owned by it, are inapplicable to a determination of this case. Hence, that part of the judgment which holds KRS 82.060 "unconstitutional insofar as it attempts to impair the vested rights of the defendants" is surplusage.

Wherefore, the judgment is affirmed in accordance with this opinion.